OPINION
Larry Gapen is appealing the judgment of the Area Two Court of Montgomery County, Criminal Division finding him guilty of domestic violence, a misdemeanor, and sentencing him to 180 days of incarceration.
On June 24, 2000, a neighbor observed Ms. Madewell, Mr. Gapen's estranged wife, standing in front of her house screaming for help and at Mr. Gapen to stay away from her. The neighbor called the police, who arrived at the scene after Mr. Gapen had left. The police officer found Ms. Madewell had suffered a cut to her mouth, had redness around her neck, and had skin irritation on her ankle consistent with a rope burn. Additionally, when the police arrived at Ms. Madewell's home they found the rope on the couch which Mr. Gapen had used to tie her down. While the State of Ohio (hereinafter "State") was pursuing this case, Mr. Gapen confessed to his friend, who is also a police officer, that on June 24, 2000 at 2:00 a.m., he entered the home of his estranged wife and tied her down while she was sleeping. Claiming he wanted to force her to talk with him because she had been avoiding him, Mr. Gapen admitted that Ms. Madewell woke up while he was tying her feet and they got into a fight, failing to clarify if it was physical or verbal. However, Mr. Gapen never admitted striking Ms. Madewell.
Mr. Gapen was charged with one count of domestic violence, a first degree misdemeanor, and one count of abduction, a third degree felony. On December 7, 2000, a bench trial was held on the domestic violence charge. At the trial, the neighbor, police officer, and Mr. Gapen's friend testified. Ms. Madewell was unable to testify at the trial because she had been killed in her home several months previously. The trial court found Mr. Gapen guilty as charged and sentenced him to 180 days of incarceration. Mr. Gapen then filed this appeal.
Mr. Gapen raises the following two assignments of error:
 1. THE VERDICT AGAINST MR. GAPEN WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE.
 2. THE VERDICT AGAINST MR. GAPEN WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant's first assignment of error:
 Mr. Gapen argues that the State did not present sufficient evidence that he had the requisite knowledge to cause physical harm or that he was the individual who caused the physical harm. We disagree.
When reviewing a trial court's decision on a sufficiency of the evidence standard, an appellate court should examine the evidence to determine whether, when believed, such evidence "would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259. When the evidence is interpreted most favorably toward the prosecution, sufficient evidence was presented if a rational trier of fact "could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
Domestic violence is prohibited under R.C. 2919.25(A), which provides, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." The Ohio Revised Code in defining "knowingly" states, "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
We find the evidence was sufficient to find Mr. Gapen guilty of domestic violence. The domestic violence statute only requires a defendant to have "knowledge" that his actions will cause physical harm. Thus, the State need only have demonstrated that Mr. Gapen was aware that tying Ms. Madewell's ankles would probably cause injury to her. Mr. Gapen admitted that he tied Ms. Madewell down while she was asleep at a time when she had been refusing to talk to him. Therefore, he was aware that when she awoke she would likely resist and be injured as a result of his tying her down. When the evidence is construed most strongly in favor of the prosecution, a rational trier of fact could have found the State had proven Mr. Gapen had knowledge that tying Ms. Madewell would result in physical harm to her.
Additionally, Mr. Gapen argues that the State failed to provide sufficient evidence of identification, specifically that the injuries to Ms. Madewell's ankle were caused when he tied her feet with a rope. The State presented evidence that Mr. Gapen admitted tying Ms. Madewell's feet with a rope. Further, the police officer testified that Ms. Madewell had injuries on her ankle consistent with a rope burn and found rope on her couch where Mr. Gapen had stated he tied her. When we construe this evidence in favor of the State, a rational trier of fact could have found that the State had proven beyond a reasonable doubt that Mr. Gapen was the individual who caused the abrasion to Ms. Madewell's ankle by tying her down. Therefore, we find that the State presented sufficient evidence to find Mr. Gapen guilty of domestic violence and his first assignment of error is without merit and overruled.
Appellant's second assignment of error:
 Mr. Gapen argues that the verdict of guilty on the domestic violence charge was against the manifest weight of the evidence. We disagree.
When conducting the manifest weight analysis:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. State v. Hufnagel (Sept. 6, 1996), Montgomery App. No. 15563, unreported quoting State v. Martin (1983), 20 Ohio App.3d 172,175, paragraph three of the syllabus. Unlike the sufficiency of evidence standard of review, a reviewing court does not construe the evidence most strongly in favor of the prosecution when using a manifest weight standard of review. Hufnagel, supra. A manifest weight of the evidence argument questions the believability of the evidence and asks a reviewing court to determine which of the competing inferences is more believable. Id. However, the appellate court may not substitute its judgment for that of the trier of fact on the issue of the credibility of the witnesses unless its is patently apparent that the factfinder lost its way. State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03, unreported.
Mr. Gapen argues that the finding that Mr. Gapen injured Ms. Madewell by tying her down and that he had the requisite knowledge that tying her would cause physical harm was not supported by the manifest weight of the evidence. We disagree. As stated above, the State presented evidence that Mr. Gapen admitted tying down Ms. Madewell while she was asleep on the couch when she had been avoiding him and refusing to talk to him. Further, the State presented the police officer's testimony that Ms. Madewell had a rope abrasion on her ankle, his testimony that rope was found on the couch where Mr. Gapen stated he had tied her down, and photographs of the injury to Ms. Madewell's ankle and her home. The trier of fact could reasonably infer that by tying down Ms. Madewell's feet Mr. Gapen caused the rope abrasion on Ms. Madewell's ankle. We cannot say that the trier of fact lost its way and performed a miscarriage of justice in determining that Mr. Gapen caused physical injury to Ms. Madewell by tying down her feet with a rope.
Further, the trier of fact could reasonably infer that Mr. Gapen was aware that tying Ms. Madewell's feet against her will while she was asleep would probably cause her physical harm when she awoke to find her estranged husband tying her down and attempted to get up. It was clear from Mr. Gapen's statement to his friend that he was aware Ms. Madewell did not wish to talk to him and was avoiding him. Mr. Gapen had moved out of Ms. Madewell's home and was no longer living there. He could not reasonably expect that upon awaking and finding Mr. Gapen in her home tying her down that Ms. Madewell would calmly lie there and talk to him without attempting to free herself and move away from him. Therefore, we cannot say that the trier of fact lost his way and performed a miscarriage of justice in finding that Mr. Gapen knew that tying Ms. Madewell down against her will while she was asleep would probably result in her physical harm. The judgment of the trial court was not against the manifest weight of the evidence and Mr. Gapen's second assignment of error is without merit and overruled.
The judgment of the trial court is affirmed.
BROGAN, J., and YOUNG, J., concur.